```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


KURTULUS K. KALICAN,           :

     Plaintiff,                :
                                          PRISONER
V.                             :   CASE NO. 3:09-cv-1154 (RNC)

JOHN F. TURNER, et al.,        :

     Defendants.               :
```

RULING AND ORDER

Plaintiff, a Connecticut inmate proceeding pro se, has commenced this action against members of the Connecticut State Police alleging that they engaged in misconduct resulting in his conviction.[1]

Under 28 U.S.C. § 1915(A), a court must review a civil complaint filed by a prisoner and dismiss any part of the complaint that fails to state a claim on which relief can be granted.

Plaintiff's complaint fails to state a claim for relief, and must therefore be dismissed under § 1915(A), because he is not permitted to challenge the constitutionality of his conviction in a federal suit for damages under 42 U.S.C. § 1983 unless and until the conviction is overturned.  See Heck v. Humphrey, 512

---

[1] Plaintiff has filed two other federal cases against persons involved in his criminal case: Kalican v. Schimelman, No. 3:09-cv-1150 (RNC), against the trial judge, prosecutors and court personnel; and Kalican v. Miller, No. 3:09-cv-1153 (RNC), against New London Police personnel.  In all three cases, plaintiff has attached to the complaint the same sixty-page description of events from arrest through trial.

U.S. 477, 486-87 (1994); Zarro v. Spitzer, 274 Fed. Appx. 31, 34-6 (2d Cir. 2008)(section 1983 claim against police officers for tampering with evidence barred by Heck); Perez v. Sifel, 57 F.3d 503, 505 (7th Cir. 1995)(section 1983 claim against police officers for conspiracy to procure conviction through perjury and falsifying evidence barred by Heck); Uhde v. Adams County, Wisconsin Sheriff's Office, No. 03-C-323-C, 2003 WL 23142254, at *5 (W.D. Wis. July 22, 2003) (cause of action under section 1983 for officer's fabrication of evidence barred by Heck); Sims v. Kernan, 29 F. Supp. 2d 952, 960 (N.D. Ind. 1998) (claims that defendants conspired to obtain defendant's conviction based on perjured testimony and falsified evidence barred by Heck).

    Accordingly, the complaint is hereby dismissed without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief may be granted.  The Clerk is directed to close the case.

    So ordered this 30th day of December 2009.


                                         /s/RNC
                                 Robert N. Chatigny
                         United States District Judge